UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| TYREE M. HARLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:22-cv-00055-GFVT |
| ) | |
| v. ) | |
| ) | |
| MARC FIELDS, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tyree M. Harley is currently confined at the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Proceeding without an attorney, Mr. Harley has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Marc Fields, Jailer at the KCDC [R. 1] and a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). [R. 3.][1] The Court has reviewed Mr. Harley's motion and supporting documentation [R. 4] and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Mr. Harley has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Mr. Harley's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08

---

[1] Mr. Harley originally filed his complaint in the United States District Court for the Western District of Kentucky. However, after that Court determined that proper venue lies in the Eastern District of Kentucky, the case was transferred here. [R. 5]

(6th Cir. 1997). The Court evaluates Mr. Harley's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *see also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Thus, vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In his complaint, Mr. Harley makes a variety of allegations related to the conditions of his confinement at KCDC. Mr. Harley states that he was transferred to the KCDC from the Louisville Metro Department of Corrections for a court appearance on March 31, 2022, and was processed and charged a $35.00 booking fee. He was then placed in a holding cell and fed dinner, which included a powdered juice packet. However, he states that the only water source in the holding cell is the same water source that is attached to the toilet. He states that, because he missed the after-dinner "dress out" procedure, he had to remain in the holding cell for over a 24-hour period. He alleges that, during this time, he was forced to sleep on hard concrete with no mat or cushion; use the bathroom in front of others with no privacy; and eat three more meals where he was required to use the "toilet combo sink water system." He also states that the

2

holding cell was not cleaned during this time period, nor was there a TV. In addition, he was only given a 3-minute calling card for communication purposes.

Mr. Harley further alleges that, while he was dressed out and moved to a dorm and given "hygiene/mat, etc." on April 1, 2022, he was strip searched and made to bend over and cough. He alleges that, in the dorm, he was made to sleep on the floor due to overcrowding. Mr. Harley alleges that these prison conditions violate his rights under the Eighth Amendment. [R. 1 at 5-6.] He seeks monetary damages in the amount of $150,000.00 and punitive damages in the amount of $150,000.00. *Id*. However, the Court has reviewed Mr. Harley's complaint and concludes that it must be dismissed without prejudice for failure to state a claim for which relief may be granted, as he has failed to plead a viable claim against the only named Defendant, KCDC Jailer Marc Fields.

While Mr. Harley seeks to sue Mr. Fields in both his official and individual capacities, he fails to adequately allege a claim against Fields in either capacity. An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that Mr. Harley seeks to bring claims against Mr. Fields in his "official" capacity as an employee of Kenton County, such claims are construed as civil rights claims against the county.

However, Mr. Harley does not assert that any of the actions alleged in his complaint were taken pursuant to an established policy of Kenton County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Mr. Harley points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Mr. Harley's claim fares no better if they are construed against Mr. Fields in his individual capacity. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). To be sure, "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations

4

omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Mr. Harley's complaint makes no allegation at all of any conduct by Mr. Fields, much less allege that Mr. Fields was personally involved in conduct that violated Mr. Harley's constitutional rights. To the extent that Mr. Harley seeks to hold Mr. Fields responsible for the conduct of his employees, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, the plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26. Because Mr. Harley does not allege that Mr. Fields was personally involved in any conduct that violated Mr. Harley's constitutional rights, his claims against Mr. Fields in his individual capacity fail.

For all of these reasons, Mr. Harley's complaint will be dismissed without prejudice. Accordingly, **IT IS ORDERED** that:

1. Mr. Harley's motion to proceed *in forma pauperis* **[R. 3]** is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below"

    a. The financial documentation filed by Mr. Harley indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**;

    b. The Clerk of the Court shall open an account in Mr. Harley's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Mr. Harley's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Mr. Harley is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

    c. Each month Mr. Harley's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

2. Mr. Harley's Complaint **[R. 1]** is **DISMISSED WITHOUT PREJUDICE**;

3. The Court will enter an appropriate judgment; and

4. This matter is **STRICKEN** from the Court's docket.

This 5th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge